UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60672-CIV-HUCK/SIMONTON

HOSPITALITY DESIGN
CONSULTANTS, INC.,

    Plaintiff,

vs.

VENTURA BEACH VENTURES,
LLC.

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION TO TRANSFER VENUE**

This matter is before the Court on Defendant, Ventura Beach Ventures, LLC's Motion to Transfer Venue, filed July 2, 2007 (DE #10). The Court has considered the Motion, Plaintiff, Hospitality Design Consultants, Inc.'s Response thereto and Defendant's Reply in further support thereof. The Court is duly advised in the premises.

**BACKGROUND**

This case arises from a dispute concerning the renovation of Defendant's hotel property in Ventura, California. Plaintiff alleges that it agreed to renovate Defendant's property for a fee, that it performed the renovation, and that Defendant failed to pay. The written "Agreement Between Ventura Beach Ventures LLC and Hospitality Design Consultanss, Inc." is attached to the Complaint as Exhibit "A" (the "Agreement"). Article 11.5 of that document provides that the

> Agreement shall be governed by and construed in accordance with the laws of the State of Florida. In the event of any dispute between the parties hereto concerning this agreement, exclusive jurisdiction over that dispute shall be adjudicated in Broward County, Florida.

In spite of the foregoing language in the Agreement requiring that any dispute between the parties be litigated in Broward County, Florida, Defendant seeks a transfer of this case, pursuant to 28 U.S.C. § 1404(a), to either the Central or Northern District of California.

## ANALYSIS

Title 28 United States Code, section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Defendant argues that the Court should excuse it of its agreement to litigate in Broward County pursuant to the forum selection clause because the convenience of the parties and witnesses, and the interest of justice will be better served if the case were tried in California. The Court disagrees.

When weighing whether transfer is justified under section 1404(a), a choice of forum clause is "a significant factor that figures centrally in the District Court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 108 S.Ct. 2239, 2244 (1988). While the convenience of the parties and witnesses and the interest of justice, could conceivably militate in favor of a transfer away from a contractually chosen forum under § 1414(a), the venue mandated by a choice of forum clause rarely will be outweighed by those factors. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11 th Cir. 1989). "[E]nforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Stewart*, 108 S.Ct. at 2245 (Kennedy, J., concurring). Accordingly, "a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 2246. This is not such an exceptional case.

Defendant argues that the Court should disregard its agreement with Plaintiff to litigate their disputes in Broward County because: (1) Defendant is a California limited liability company that conducts business and holds assets solely in California; (2) the renovation work that was the subject of the Agreement was performed in California, under permits issued by a California municipality and subject to California construction standards and local building codes; and (3) "virtually" all witnesses are located in California. Even without questioning the truth of these assertions, they do not warrant setting aside Defendant's freely negotiated agreement that, "in the event of any dispute . . . concerning [the Agreement], exclusive jurisdiction over that dispute shall be adjudicated in Broward County, Florida."[1] None of the circumstances asserted by Defendant is unusual, much less

---

[1] For the reasons discussed in this Order, the Court need not evaluate Defendant's assertions regarding the location of witnesses and evidence relevant to this matter. However, the Court notes that in Plaintiff's Response to the Motion to Transfer it asserts that all of its employees and executives involved in the provision materials, labor and/or services in connection with the Agreement are

extraordinary, in the context of an agreement between two commercial entities located in different states. When they entered into their Agreement, the parties had all of these matters within their contemplation. Presumably, the selection of Broward County as the forum in which all disputes would be litigated allowed Plaintiff to better anticipate and account for the costs of potential litigation. In turn, by agreeing to bear the risk litigating disputes in a forum outside of its home state, Defendant presumably benefitted from a lower price for Plaintiff's services. To allow transfer of this case away from the agreed upon forum would not only harm Plaintiff by compelling it to take on a risk it had specifically bargained to avoid, it would unjustly benefit Defendant by excusing it of a risk that was squarely within its contemplation at the time the Agreement was made. *See M/S Bremen v. Zapata Off-Shore Co.,* 92 S.Ct. 1907, 1916 (1972)("where it can be said with reasonable assurance that at the time they entered the contract, the parties to a freely negotiated . . . commercial agreement contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable"). Furthermore, insofar as the convenience of the parties is concerned, the fact that Defendant is a California company, which would be inconvenienced by having to litigate in Florida, is entirely offset by the fact that Plaintiff is a Florida company which would be equally inconvenienced by having to litigate in California. *See Id.* at 1917 (noting the difference between an agreement like the one involved here and an "agreement between two Americans to resolve their essentially local disputes in a remote alien forum[, in which case] the serious inconvenience of the contractual forum to one or both of the parties might carry greater weight in determining the reasonableness of the forum clause"). Accordingly, the inconvenience to the parties and witnesses of having to litigate this matter in Broward County does not justify invalidation of the freely negotiated forum selection clause set forth in Article 11.5 of the Agreement.

Nor do the public-interest factors of systemic integrity and fairness which come under the

---

located in South Florida. Plaintiff further asserts that a representative of the California-licensed general contractor hired to perform the construction work pursuant to the Agreement has agreed to and is willing to travel to Broward County in connection with this litigation. Plaintiff additionally identifies several potential witnesses who are located in South Florida and/or are willing to appear here in connection with this action. Thus, it appears that while many witnesses, presumably Defendant's representatives, reside in California, other witnesses, presumably Plaintiff's representatives, reside in Florida. In any event, even if most of the witnesses reside in California, transfer would be inappropriate in view of the forum selection clause.

heading of "the interest of justice" merit the disregard of the parties' choice of forum. *See Stewart*, 108 S.Ct. at 2244-45. Although individuals are free to regulate their purely private disputes by means of contractual choice of forum, courts should not give such private arrangements dispositive effect where the interests of the public are involved. *See, e.g., Red Bull Associates v. Best Western International, Inc.*, 862 F.2d 963 (2d Cir. 1988)(declining to enforce a forum selection clause in a civil rights case involving race discrimination). Defendants have not identified any public-interest factors that would be offended if the Court enforces the forum selection clause at issue. The mere fact that "the operative events giving rise to the lawsuit occurred in California," as Defendant notes on page 13 of its Motion, does not create a *per se* justification for requiring litigation there. Although the events which gave rise to the lawsuit may indeed have occurred in California, the parties not only agreed to a forum in Florida, but also to the application of Florida law in any dispute arising between them. Accordingly, there is no reason why this case should be transferred in the interest of justice.

## CONCLUSION

For the reasons and authorities cited above, it is hereby

ORDERED that Defendant's Motion to Transfer Venue is DENIED.

DONE AND ORDERED in Chambers, Miami, Florida on this 21st day of August, 2007..

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Magistrate Judge Simonton
Counsel of Record